NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| SERGEANT RICHARD MATTHEWS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LAW ENFORCEMENT SUPERVISOR'S UNION, GOVERNMENT OF THE VIRGIN ISLANDS (VIRGIN ISLANDS POLICE DEPARTMENT), THOMAS HANNAH, and UNKNOWN CO-CONSPIRATORS<br><br>　　　　　　Defendants. | Civ. No. 14-00035<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

### **INTRODUCTION**

This matter has come before the Court on a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment, by Defendant Government of the Virgin Islands (Virgin Islands Police Department) ("the Government"). (ECF No. 26). Plaintiff Sergeant Richard Matthews ("Plaintiff") opposes the motion. (ECF No. 28). The Court has decided the motion based upon the written submissions of the parties and limited oral argument held on Friday December 2, 2016. For the reasons stated herein, Defendant's Motion to Dismiss will be granted.

### **BACKGROUND**

Plaintiff is a Police Sergeant employed by the Virgin Islands Police Department. (Compl. ¶ 1). Defendant Law Enforcement Supervisor's Union ("LESU") is a union organized in the United States Virgin Islands. (*Id.* at ¶ 2). Plaintiff is a member of LESU. (*Id.*). The

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

Virgin Islands Police Department is a department of the Government of the Virgin Islands. (*Id.* at ¶ 3). Defendant Thomas Hannah ("Defendant Hannah") is an Assistant Police Commissioner employed by the Virgin Islands Police Department. (*Id.* at ¶ 4).

In essence, Plaintiff alleges that he was the victim of an attempt by Defendants to attack his character and reputation. Plaintiff had been assigned to investigate a wrongful death lawsuit. Plaintiff alleges that the Defendants attacked his reputation in order to discredit his testimony in the upcoming trial of the wrongful death lawsuit. (*Id.* at ¶ 42). Plaintiff's Complaint alleges five counts against the various Defendants: (1) Breach of Fair Representation; (2) Breach of Contract; (3) Violation of Right to Due Process; (4) Civil Conspiracy; and (5) Intentional Infliction of Emotional Distress. (*See* Compl., ECF No. 1).

Plaintiff makes many specific allegations, including: Plaintiff claims that he was the subject of an unrelated investigation as a result of his police vehicle rolling and colliding into another parked vehicle. (*Id.* at ¶¶ 11–13). Plaintiff was charged with failing to properly park his vehicle. (*Id.* at ¶ 16). A hearing on this charge was held on January 15, 2014 before Defendant Hannah. (*Id.* at ¶ 19). On January 17, 2014, Hannah found that Plaintiff was "disingenuous," rejected a conditional plea agreement, and determined that an unconditional plea of guilty had been entered. (*Id.* at ¶¶ 23–24). On January 24, 2014, Plaintiff submitted a Charge of Unfair Labor Practice to Police Commissioner Querrard ("Querrard"). (*Id.* at ¶ 27). On February 28, 2014, Querrard signed a Disciplinary Enforcement Order sustaining previous findings made by Hannah on January 17, 2014. (*Id.* at ¶ 31).

On March 14, 2014, Plaintiff sent an objection letter to Querrard and the President of the LESU, Sergeant Anthony Hector ("Hector"), and also filed another Charge of Unfair Labor Practice with the Public Employees Relations Board ("PERB"). (*Id.* at ¶¶ 33–35). Hector told Plaintiff he would not pursue Plaintiff's grievance and that Plaintiff could "kiss his backside."

(*Id.* at ¶ 36).  On March 20, 2014, Hector filed a grievance with Querrard on Plaintiff's behalf. (*Id.* at ¶ 38).  On March 24, 2014, Querrard issued a Final Order declining to modify the February 28th Disciplinary Enforcement Order.  (*Id.* at ¶ 39).  On April 4, 2014, Plaintiff requested that Hector pursue arbitration in response to the March 24, 2014 Final Order.  (*Id.* at ¶ 40).

The Clerk of the Court has entered Default against LESU and Hannah.  (*See* ECF Nos. 31, 35).  On January 16, 2015, the Government filed a Motion to Dismiss, or in the alternative a Motion for Summary Judgment.  (ECF No. 26).  On November 14, 2016, the case was reassigned to this Court.  The Government's motion is presently before the Court.

## LEGAL STANDARDS

### I. Motion to Dismiss

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.  *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016).  However, the court may disregard any conclusory legal allegations.  *Fowler*, 578 F.3d at 203.  Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  If the complaint does not demonstrate more

3

than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

The Government makes multiple arguments in support of its motion. The Court will address the Government's arguments in turn.

First, the Government appears to argue Matthews has failed to allege a proper basis for jurisdiction, and as a result, Plaintiff's claims should be dismissed. (Civ. No. 14-00035, ECF No. 26 at 4–5). However, 24 V.I.C. § 383 of the Virgin Islands Public Employer Labor Relations Act ("PELRA § 383") provides for jurisdiction in this Court in suits for violation of a contract between a public employer and an exclusive representative of a union, or the union.[2] The Third Circuit has previously noted that PELRA § 383 provides for federal district court jurisdiction where a public employee sues a union for breach of fair representation. *Gomez v. Gov't of Virgin Islands,* 882 F.2d 733, 737 (3d Cir. 1989) ("PELRA also provides for concurrent territorial and federal district court jurisdiction in suits for violation of a contract between a public employer and a union, as well as in suits by the public employees against a union."). Additionally, the characteristics of a hybrid breach of contract/breach of duty of fair

---

[2] The relevant text of this Section reads: "(a) Suits for violation of contracts between a public employer and an exclusive representative, or between labor organizations, may be brought in any court of this Territory having jurisdiction of the parties, including the Federal District Court, without respect to the amount in controversy or without regard to the citizenship of the parties.
(b) Any exclusive representative of public employees of this Territory shall be bound by the acts of its agents. Any such exclusive representative may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of this Territory, including the Federal District Court. Any money judgment against an exclusive representative in a court of this Territory, including the Federal District Court, shall be enforceable only against the labor organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets." 24 V.I.C. § 383(a), (b).

representation claim under PELRA are the same as such a hybrid claim under federal labor law. *Seafarers Int'l. Union of N. Am. V. Thomas,* 42 F. Supp. 2d 547, 553 (D.V.I. 1999). Therefore, Plaintiff's hybrid breach of contract/breach of duty of fair representation here is within the original jurisdiction of the Court and the Court may properly exercise supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367. As a result, the Government cannot prevail on its first argument.

Second, the Government argues that Plaintiff's tort claims against the Government, Counts II through V, should be dismissed because Plaintiff failed to comply with the requirements of the Virgin Islands Tort Claims ACT ("VITCA"). The relevant VITCA section here provides that a claim, or a notice of intention to file a claim, against the government must be filed within ninety days after the accrual of the claim. 33 V.I.C. § 3409(c). "Timely compliance with the VITCA's notice requirement is a jurisdictional prerequisite to bringing suit on a plaintiff's tort claims." *Speaks v. Gov't of the Virgin Islands*, 2009 WL 167330, at *6 (D.V.I. Jan. 14, 2009) (citations omitted). A claim accrues for purposes of VITCA, and the corresponding ninety-day period during which a plaintiff must file a claim begins, when the plaintiff knew or should have known of the injury and its cause. *Samuel v. Gov't of the Virgin Islands*, 2002 WL 531836 at *4 (Terr. V.I. Mar. 1, 2002). Additionally, a Plaintiff can satisfy the claim requirement of the VITCA by timely filing a complaint, that is served upon the required parties and contains all of the necessary substantive requirements, including: a statement as to when the claim arose, a statement as to where the claim arose, a statement as to the nature of the claim and items of damage or injuries as well as the sum claimed, and a verification. *Albert v. Abramson's Enterprises, Inc.*, 790 F.2d 380, 383 (3d Cir. 1986).

In this case, the Government alleges that Plaintiff's claim accrued on March 24, 2014 as that is the date that the Virgin Islands Police Department executed the Final Order against

Plaintiff. (Def.'s Mot. at 6 n.1, ECF No. 26). The Government claims that there is no evidence in the record that Plaintiff filed a claim, or notice of intention to file a claim, within ninety days after accrual of his claim against the Government. As a result, the Government argues that this Court does not have jurisdiction over Plaintiff's tort claims against the Government.

Plaintiff argues that his claim accrued at a later date. Plaintiff claims that he requested arbitration via correspondence to the President of the LESU on April 4, 2014. Further, Plaintiff argues that because he did not receive a response to this communication, he assumed that no arbitration proceeding was commenced by "mid-April" and that his claim accrued "sometime thereafter." (Pl.'s Opp'n Br. at 2, ECF No. 28). Plaintiff relies on *Albert v. Abramson's Enterprises, Inc.*, 790 F.2d 380 (3d Cir. 1986) to argue that he complied with the VITCA by filing the instant lawsuit on July 10, 2014 and subsequently serving a copy of the Complaint with the Office of the Attorney General and the Government. (*Id.*).

The Court is unconvinced by Plaintiff's argument because *Albert* is unlike the present case. In *Albert*, the Third Circuit found that the claim requirement of the VITCA was satisfied because the Plaintiff filed a Complaint and served the Office of the Governor and the Attorney General in the time period required by 33 V.I.C. § 3410. That did not occur in this case. Here, Plaintiff did not file his Complaint in this Court until July 10, 2014. (ECF No. 1). Plaintiff did not attempt to serve the Office of the Attorney General with the Complaint until August 7, 2014. (ECF Nos. 6, 10). Even if this Court views the facts in the light most favorable to the Plaintiff, and accepts Plaintiff's argument that his claim did not accrue until sometime in mid to late April 2014, the latest that Plaintiff could have served the Office of the Attorney General in order to comply with the VITCA was the end of July 2014. As a result, Plaintiff's delayed service on the Office of the Attorney General would nonetheless fail to comply with the VITCA. By August 7,

2014, the ninety day time period set forth in 33 V.I.C. § 3409(c) during which Plaintiff was required to file his claim and serve the proper parties had already expired.[3]

Therefore, the Court is persuaded that it does not have jurisdiction over Plaintiff's tort claims against the government. The Court need not address the Government's additional arguments in support of its Motion to Dismiss. Plaintiff's tort claims against the Government contained in Counts Two, Three, Four, and Five of Plaintiff's Complaint are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: 12/16/16

---

[3] Additionally, in *Albert* the Plaintiff effected timely service of his complaint on the Office of the Governor as is required by 33 V.I.C. § 3410. While there is nothing in the record here to suggest that Plaintiff completed this service, the parties do not raise this as an issue and the Court need not consider this possible deficiency in deciding the instant motion.