NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| SERGEANT RICHARD MATTHEWS, <br><br> Plaintiff, <br><br> v. <br><br> LAW ENFORCEMENT SUPERVISOR'S UNION, THOMAS HANNAH, and UNKNOWN CO-CONSPIRATORS <br><br> Defendants. | Civ. No. 14-00035 <br><br> **OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter has come before the Court on two Motions to Dismiss, converted to Motions for Summary Judgment, by Defendants Thomas Hannah ("Hannah") and Law Enforcement Supervisor's Union ("LESU"). (ECF Nos. 50, 63.) Plaintiff Sergeant Richard Matthews ("Plaintiff") opposes these motions. (ECF Nos. 58, 82.) The Court has decided the motion based upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, both Defendants' Motions for Summary Judgment will be granted.

## BACKGROUND

### I. Undisputed Facts

Plaintiff was a Police Sergeant employed by the Virgin Islands Police Department during the events forming the basis of this litigation. (Def. Hannah Statement of Material Facts

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

("HSOMF") ¶ 1, ECF No. 77; Pl.'s Counterstatement of Facts and Response to Hannah ("Counterstatement to Hannah") ¶ 1, ECF No. 80.) Plaintiff has since been promoted to Lieutenant. (HSMOF ¶ 21.) Defendant Thomas Hannah is an Assistant Police Commissioner employed by the Virgin Islands Police Department ("VIPD"). (HSOMF ¶ 3.) Defendant Law Enforcement Supervisor's Union is a union organized in the United States Virgin Islands. Plaintiff is a member of LESU. (HSOMF ¶ 2.)

Plaintiff was involved in a traffic accident when his car rolled back into another vehicle at the University of the Virgin Islands, St. Croix Campus. (Def. LESU Statement of Undisputed Material Facts ("LSOMF") ¶ 1, ECF No. 75.) Plaintiff was charged with failing to properly secure his vehicle. (*Id.* ¶ 3.) An administrative hearing on this charge was held on January 15, 2014 before Hannah, acting in his official capacity. (HSOMF ¶ 4.) Plaintiff was represented by LESU Police Sergeant Mark Corneiro ("Corneiro") at the hearing and in signing and presenting his plea. (LSOMF") ¶¶ 5, 7.) On January 17, 2014 following the hearing, Hannah found that Plaintiff was "disingenuous," rejected his request for oral reprimand, determined that an unconditional plea of guilty had been entered, and recommended a letter of reprimand be placed in Plaintiff's personal file. (HSOMF ¶¶ 10–13.) On January 24, 2014, Plaintiff submitted a Charge of Unfair Labor Practice to Police Commissioner Querrard ("Querrard") against LESU, LESU President Sergeant Anthony Hector ("Hector"), and Corneiro for the union's alleged failure to explain the disciplinary process adequately. (LSOMF ¶ 11.) This charge was subsequently filed as an action claiming LESU refused to represent Plaintiff. (*Id.* ¶ 12.) Plaintiff also wrote a letter to Querrard on January 24 discussing the potentially harmful effects of Hannah's commentary and requesting "disingenuous" be stricken from Hannah's decision. (*Id.*

¶ 14.)  On February 28, 2014, Querrard signed a Disciplinary Enforcement Order sustaining the previous findings made by Hannah on January 17, 2014.  (*Id.* ¶ 16.)

On March 14, 2014, Plaintiff sent an objection letter to Querrard and the President of the LESU, Hector.  (*Id.* ¶ 17.)  In a text conversation on March 16, 2014, Hector told Plaintiff he would not pursue Plaintiff's grievance and that Plaintiff could "kiss [his] ass."  (*Id.* ¶ 18; Pl.'s Counterstatement of Facts and Response to LESU ("Counterstatement to LESU") ¶¶ 28–31, ECF No. 79.)  The next day Plaintiff filed a VIPD Citizen Complaint against Hector for his text messages.  (LSOMF ¶ 19.)  On March 20, 2014, Hector filed a Level III grievance with Querrard on Plaintiff's behalf.  (*Id.* ¶ 20.)  In response to the grievance, Querrard issued a Final Order on March 24, 2014 reaffirming his initial Final Order of February 28, 2014 and denying Plaintiff's request for rehearing.  (*Id.* ¶ 22.)  On April 4, 2014, Plaintiff requested Hector pursue arbitration in response to the March 24, 2014 Order; LESU and Hector declined to do so.  (*Id.* ¶ 23.)

## II.   Procedural History

On July 10, 2014, Plaintiff filed a Complaint alleging that Defendants attacked his character and reputation in order to discredit his testimony in the upcoming trial of a wrongful death lawsuit in which Plaintiff was an investigator.  (Compl. ¶ 42, ECF No. 1.)  Plaintiff's Complaint alleges five counts against the various Defendants: (1) Breach of Fair Representation; (2) Breach of Contract; (3) Violation of Right to Due Process; (4) Civil Conspiracy; and (5) Intentional Infliction of Emotional Distress.  (*See* Compl.)

The Clerk of the Court entered Default against LESU and Hannah.  (*See* ECF Nos. 31, 35.)  On November 14, 2016, the case was reassigned to this Court.  On December 19, 2016, this Court dismissed the Government as a party because Plaintiff failed to meet the requirements for a suit against the Government under the Virgin Islands Tort Claims Act ("VITCA").  (ECF No.

37.) On March 23, 2017, LESU filed a Motion to Dismiss Plaintiff's claims for Breach of the Duty of Fair Representation and Intentional Infliction of Emotional Distress. (ECF No. 50.) On May 1, 2017, Hannah also filed a Motion to Dismiss, or in the alternative Motion for Summary Judgment. (ECF No. 63.) Plaintiff opposes both motions. (ECF Nos. 58, 82.) On May 3, 2017, the Court set aside the entry of Default against both Defendants, deferred decision on their motions to dismiss until after discovery was completed, ordered the parties to complete discovery, and permitted the submission of supplemental motions for summary judgment. (ECF No. 65.) Both parties declined to offer supplemental briefing and asked that their previous motions be considered under the summary judgment standard. (ECF Nos. 71, 72, 73.) On July 20, 2017, the Court advised its intent to apply the summary judgment standard to the pending motions and requested the parties submit statements of undisputed material fact. (ECF No. 74.) Both Defendants filed statements of undisputed material fact, to which Plaintiff replied and provided his own counterstatements of material fact. (ECF Nos. 75, 77, 79, 80.)

## **LEGAL STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence—all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court

considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248–49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

I. **Defendant Hannah's Motion**

Defendant Hannah's motion presents a number of arguments against Plaintiff. As a preliminary issue, Hannah asserts that he is immune from suit for Counts II through V, Plaintiff's tort claims, under the Virgin Islands Tort Claims Act ("VITCA"). Counts II through V are the only causes of action that apply to Defendant Hannah. As previously discussed by this Court in its December 19, 2016 Opinion dismissing the Government of the Virgin Islands and VIPD (EFC No. 37), the VITCA waives sovereign immunity for tort claims brought against the Government of the Virgin Islands, provided that the claimant complies with requirements set forth in the VITCA. 33 V.I.C. § 3408(a). The VITCA waiver of immunity extends to employees of the government acting within the scope of their office. 33 V.I.C. § 3408(a). "Employees of the government" are broadly defined to include "elected or appointed officials, employees, members of Governing Boards and Commissions and other persons acting on behalf of the

Government of the United States Virgin Islands." *Id.* § 3401. Virgin Islands law looks to the Restatement (Third) of Agency to determine whether an employee has acted within the scope of his office. *Thomas v. Roberson*, 2013 WL 2402946, at *6 (D.V.I. June 3, 2013). Per the Restatement, one "acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control." *Id.* (citing Restatement (Third) of Agency § 7.07(1)–(2) (ALI 2006)).

In order to comply with the VITCA, a claim, or a notice of intention to file a claim, against the government must be filed within ninety days after the accrual of the claim. 33 V.I.C. § 3409(c). "Timely compliance with the VITCA's notice requirement is a jurisdictional prerequisite to bringing suit on a plaintiff's tort claims." *Speaks v. Virgin Islands*, 2009 WL 167330, at *6 (D.V.I. Jan. 14, 2009) (citations omitted). A claim accrues for purposes of the VITCA, and the corresponding ninety-day period during which a plaintiff must file a claim begins, when the plaintiff knew or should have known of the injury and its cause. *Samuel v. Virgin Islands*, 2002 WL 531836, at *4 (Terr. V.I. Mar. 1, 2002). A plaintiff can satisfy the claim requirement of the VITCA by timely filing a complaint that is served upon the required parties and contains all of the necessary substantive requirements, including: a statement as to when the claim arose, a statement as to where the claim arose, a statement as to the nature of the claim and items of damage or injuries as well as the sum claimed, and a verification. *Albert v. Abramson's Enterprises, Inc.*, 790 F.2d 380, 383 (3d Cir. 1986).

Hannah's conduct falls under the auspices of the VITCA because he acted within the scope of his employment as Assistant Police Commissioner. It is undisputed that Hannah served in his official capacity while presiding over Plaintiff's administrative hearing on January 15, 2014 and in issuing his opinion and letter of reprimand on January 17, 2014. (HSOMF ¶¶ 3–13.)

Consistent with the guidelines set forth in the Restatement of Agency, these tasks were plainly within Hannah's employment and duties as Assistant Commissioner, and later subject to employer review when Querrard sustained Hannah's ruling on February 28, 2014. (Counterstatement to Hannah ¶¶ 21–22; Hannah's Objections to Pl.'s Statement of Material Facts ¶ 21, ECF No. 84.)

This Court has already found that Plaintiff failed to comply with the filing requirements of the VITCA. (ECF No. 37.) Since it is undisputed that Hannah acted in his official capacity and thus within the scope of his employment, the VITCA applies and the Court is persuaded that it lacks jurisdiction over Plaintiff's claims. Therefore, Hannah will be dismissed as a Defendant. The Court need not address Hannah's other arguments regarding the sufficiency of evidence and factual disputes on each cause of action.

## II. Defendant LESU's Motion

While not entirely clear which Counts are directed at LESU, it appears that Plaintiff has directed Counts I and V against LESU, Breach of the Duty of Fair Representation and Intentional Infliction of Emotional Distress. LESU's motion addressed only those Counts, and Plaintiff has responded in kind. Therefore, the Court will construe Plaintiff's Complaint such that only Counts I and V apply to LESU.

### A. Count I: Breach of the Duty of Fair Representation

Under the National Labor Relations Act, a union has a duty to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). A union breaches this duty and acts arbitrarily if its conduct is so unreasonable it is found to be irrational. *Joseph v. Bureau of Corr.*, 2011 WL 1304605, at *5 (D.V.I. Mar. 7, 2011)

7

(internal citations omitted).  While "a union may not arbitrarily ignore a meritorious grievance, or process it in a perfunctory fashion," the *Vaca* Court specifically found that individuals do not have an absolute right to compel arbitration regardless of the merits of a member's claim.  386 U.S. at 191.

First, the parties dispute whether LESU engaged in a pattern of bad faith or arbitrary and discriminatory conduct.  (Pl.'s Opp'n to LESU's Mot. to Dismiss at 12–13, ECF No. 58.)  The undisputed facts are that LESU, by and through Corneiro, assisted Plaintiff in his submission of a plea for the charge hearing, represented Plaintiff at the hearing itself, and assisted Plaintiff in submitting his letter of objection to Querrard.  (LSMOF ¶¶ 5–7.)  It is also undisputed that LESU, through Hector, filed a Level III grievance on Plaintiff's behalf.  (*Id.* ¶ 20.)  Plaintiff does not dispute that these actions were taken on his behalf, but he disputes the type of plea entered at the hearing, claiming he intended to enter a conditional guilty plea.  (Counterstatement to LESU ¶ 10.)  Plaintiff argues that the grievance process was poorly explained and confused him, and therefore LESU acted in bad faith or in an arbitrary and discriminatory manner.  (Pl.'s Opp'n to LESU's Mot. to Dismiss at 5–6, 12–13.)  Regardless of Plaintiff's represented intent, it is undisputed that he did in fact sign an unconditional plea agreement.  (Counterstatement to LESU ¶ 15; HSOMF, Exhibits A, B.)  Therefore, there is no dispute regarding the nature of the official plea entered.  In the context of Plaintiff's claim and LESU's conduct, this does not raise a material issue regarding the adequacy of LESU's representation.

Plaintiff also points out that Querrard's Order of March 23, 2014 advised that LESU should have filed an appeal, not a grievance.  (Counterstatement to LESU ¶ 35.)  Querrard, however, did not deny the grievance on the basis of a procedural error; he denied the grievance on the substance of Plaintiff's claim.  On balance, viewing this evidence in the light most

favorable to Plaintiff, it appears that LESU's conduct was reasonable and rational. *Joseph*, 2011 WL 1304605, at *5. Moreover, Plaintiff has presented no facts to support that LESU acted discriminatorily or in bad faith. The undisputed facts indicate that LESU took sufficient efforts to serve Plaintiff's interests.

Second, Plaintiff argues that LESU breached its duty by failing to initiate arbitration proceedings. (Pl.'s Opp'n to LESU's Mot. to Dismiss at 10–12.) Plaintiff refutes LESU's contention that his claim lacked merit; Plaintiff believes that the *Vaca* case entitled him to pursue arbitration as a matter of right. Here, Plaintiff requested arbitration on April 4, 2014, after Querrard affirmed Hannah's January 17, 2014 findings and reprimand for the second time. The Court is not persuaded that Plaintiff was entitled to arbitration. The facts suggest that LESU was within its discretion when it refused to initiate arbitration following three consistent orders of the Police Commissioner and his Assistant Commissioner. Once again, Plaintiff presents no dispute of material fact to indicate this decision was made in bad faith or arbitrarily. Therefore, summary judgment should be entered in favor of LESU.

### B. Count V: Intentional Infliction of Emotional Distress

Under Virgin Islands law, a cause of action for intentional infliction of emotional distress ("IIED") is consistent with the approach of the Second Restatement of Torts. *Stevens v. Louise*, 2016 WL 9454137, at *3 (V.I. Super. June 13, 2016). A plaintiff must show that (1) defendant "engaged in extreme and outrageous conduct," (2) to "intentionally and recklessly cause severe emotional distress." *Nino v. Jewelry Exchange, Inc.*, 2008 WL 5272520, at *1 (D.V.I. Dec. 16, 2008); *see also Stevens*, 2016 WL 9454137, at *3. The alleged conduct must be so outrageous and extreme as to offend all bounds of decency "to be regarded as atrocious, and utterly intolerable in a civilized community." *Nino*, 2008 WL 5272520, at *1 (quoting Restatement

(Second) of Torts § 46 cmt. d (ALI 1979)).  In an employment context, conduct very rarely meets this high bar of outrageousness, but patterns of continuous, unreasonable conduct may satisfy an IIED claim.  *Id.* at *2 (citing *Cox v. Keystone Carbon Co.*, 861 F.3d 390, 395 (3d Cir. 1980)); *see also Wheatley v. Mapp*, 2016 WL 1092565, at *10 (D.V.I. Mar. 16, 2016); *Del Valle v. Officemax of North America, Inc.*, 2015 WL 22582, at *12 (D.V.I. Jan. 14, 2015).

Plaintiff claims that LESU's conduct, in its inadequate representation and Hector's text message, is extreme and outrageous.  As discussed above, it is undisputed that LESU took a number of measures on Plaintiff's behalf in his traffic charge, including writing and entering his plea, representing him at the hearing, jointly filing an objection to Hannah's findings, and filing a Level III grievance.  (LSMOF ¶¶ 5–7, 20.)  Plaintiff claims that the investigations were insufficient, he was recklessly represented, and he was confused and misled by LESU throughout the grievance process, causing him damages and mental anguish.  (Pl.'s Opp'n to LESU's Mot. to Dismiss at 14; *see* Compl. ¶¶ 19–41.)  While Plaintiff points to a pattern or course of conduct as required in the employment context, Plaintiff does not provide any facts to demonstrate that LESU acted intolerably or beyond the bounds of social decency.  Moreover, there is no evidence for a jury to find that LESU acted with the requisite intent or recklessness designed to cause Plaintiff severe emotional distress.

Second, whether Hector texted Plaintiff "kiss my ass" is not in dispute.  While arguably inappropriate and uncouth, this is also a common colloquial phrase that a reasonable individual would not find extreme, outrageous, or socially intolerable.  Plaintiff does not provide a pattern of repeated comments of similar color that could rise to the level of IIED conduct.  Plaintiff further argues that this comment was simply the tip of the iceberg after an arduous and frustrating grievance process with LESU, and the circumstances in their totality are extreme and

outrageous. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 15–16.) Construing these facts against LESU, Plaintiff has failed to make a sufficient showing on the elements of an IIED claim for which he would bear the burden at trial.

## **CONCLUSION**

For the foregoing reasons, Defendant Hannah and Defendant LESU's Motions for Summary Judgment will be granted. An appropriate order will follow.

Date: 9/11/17                                                                          */s/ Anne E. Thompson*
                                                                                        ANNE E. THOMPSON, U.S.D.J.