NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

SERGEANT RICHARD MATTHEWS,

Plaintiff,

v.

LAW ENFORCEMENT SUPERVISOR'S
UNION, THOMAS HANNAH, and
UNKNOWN CO-CONSPIRATORS

Defendants.

Civ. No. 14-00035

OPINION

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon a motion for reconsideration of the Court's Order and Opinion of September 11, 2017 by Plaintiff Sergeant Richard Matthews ("Plaintiff"). (ECF No. 88.) Defendant Law Enforcement Supervisor's Union ("Defendant LESU") opposes. (ECF No. 94.) For the reasons stated herein, Plaintiff's Motion for Reconsideration is denied.

## BACKGROUND

This case arises out of Plaintiff's employment and disciplinary proceedings with the Virgin Islands Police Department, following a traffic accident Plaintiff was involved in at the University of the Virgin Islands, St. Croix Campus. (Def. LESU Statement of Undisputed Material Facts ["LSOMF"] ¶ 1, ECF No. 75.) Plaintiff was charged with failing to properly secure his vehicle. (*Id.* ¶ 3.) At a hearing before Assistant Police Commissioner Thomas

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Hannah ("Hannah"), LESU Police Sergeant Mark Corneiro ("Corneiro") represented Plaintiff in signing and presenting his plea. (*Id.* ¶¶ 5, 7.) After Hannah entered an unconditional plea of guilty, on January 24, 2014, Plaintiff submitted a Charge of Unfair Labor Practice to Police Commissioner Querrard ("Querrard") against LESU, LESU President Sergeant Anthony Hector ("Hector"), and Corneiro. (*Id.* ¶ 11.) Plaintiff's charge claimed that LESU failed to adequately explain the disciplinary process. (*Id.*) Subsequently, Plaintiff filed an action claiming LESU refused to represent him. (*Id.* ¶ 12.) On February 28, 2014, Querrard signed a Disciplinary Enforcement Order sustaining Hannah's January 17, 2014 findings. (*Id.* ¶ 16.)

On March 14, 2014, Plaintiff sent an objection letter to Querrard and Hector. (*Id.* ¶ 17.) Via text message two days later, Hector told Plaintiff he would not pursue Plaintiff's grievance and that Plaintiff could "kiss [his] ass" (*id.* ¶ 18; Pl.'s Counterstatement of Facts and Response to LESU ["Counterstatement to LESU"] ¶¶ 28–31, ECF No. 79), prompting Plaintiff to file a VIPD Citizen Complaint against Hector (LSOMF ¶ 19). Four days later, Hector filed a Level III grievance on Plaintiff's behalf, in response to which Querrard issued a Final Order affirming the February Order and denying a request for rehearing. (*Id.* ¶¶ 20, 22.) LESU declined Plaintiff's subsequent request to pursue arbitration. (*Id.* ¶ 23.)

On July 10, 2014 Plaintiff filed a lawsuit against LESU, Hannah, and the Government of the Virgin Islands alleging the following Counts: (I) breach of the duty of fair representation, (II) breach of contract, (III) violation of Plaintiff's due process rights, (IV) civil conspiracy, and (V) intentional infliction of emotional distress. (*See generally* Compl., ECF No. 1.) In spring 2017, Defendants LESU and Hannah filed motions to dismiss, which the Court converted into motions for summary judgment. (ECF Nos. 50, 58, 63, 74, 82.) Both Defendants filed statements of undisputed material facts, to which Plaintiff submitted responses and

counterstatements of undisputed material facts. (ECF Nos. 75, 77, 79, 80.) Defendant LESU did not respond to Plaintiff's counterstatement of material facts. On September 11, 2017, the Court granted summary judgment in favor of both Defendants on all Counts, closing the case. (ECF Nos. 86, 87.) Plaintiff moved for reconsideration on October 4, 2017,[2] which the Court construes as a motion for partial reconsideration of the Court's Opinion and Order of September 11, 2017 as to Defendant LESU on Plaintiff's breach of fair representation claim. Following the continuance on all civil matters in the District Court of the Virgin Islands from September 5, 2017 to October 29, 2017, *see* Gen. Order Misc. No. 17-11 (D.V.I. Oct. 10, 2017), the Court wrote to the parties requesting Defendant LESU indicate its intent and ability to file opposition to Plaintiff's Motion by November 27, 2017. (ECF No. 92.) On November 27, 2017, Defendant LESU filed opposition (ECF No. 93), and on December 11, 2017, Plaintiff replied (ECF No. 94). This motion is presently before the Court.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.3, a motion for reconsideration may be based on one of three grounds: (1) intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). "Such motions are not substitutes for appeals, and are not to be used as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed

---

[2] As Plaintiff noted (Pl.'s Mot. Recons. at 3 n.1, ECF No. 88), this Motion is technically untimely. *See* L. Civ. R. 7.3 (requiring a party to move for reconsideration within fourteen days of decision or order). The Court's Order and Opinion was filed September 11, 2017; Plaintiff's motion should have been filed by September 25th to be timely. Plaintiff filed on October 4th. In light of the extensive damage caused by Hurricanes Maria and Irma and the continuance on all civil matters, the Court indicated its intent to consider Plaintiff's Motion in its letter order of November 13, 2017 (ECF No. 92). Therefore, the Court accepts this Motion as timely.

3

by the court, or for raising arguments that could have been raised before but were not." *Cabrita Point Dev., Inc. v. Evans*, 2009 WL 3245202, at *2 (D.V.I. Sept. 30, 2009) (citing *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)). Rather, "reconsideration is an 'extraordinary' remedy not to be sought reflexively . . . ." *Bostic*, 312 F. Supp. 2d at 733. A motion for reconsideration "should only be granted where such facts or legal authority were indeed presented but overlooked." *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *1 (D.N.J. Aug. 1, 2012); *see also Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) ("[M]anifest injustice '[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it.'").

## DISCUSSION

Plaintiff moves for reconsideration on the basis of manifest injustice resulting from clear error. (Pl.'s Mot. Recons. at 5.) Specifically, Plaintiff contends that the Court did not make adequate factual findings to support the entry of judgment in favor of Defendant LESU on his breach of representation claim because there is a dispute of fact as to whether LESU exercised discretion in its decision, and because its refusal to initiate arbitration was truly borne out of personal animus. (*Id.* at 6.)

The standard for breach of fair representation is high, requiring arbitrary and discriminatory conduct "so unreasonable it is found to be irrational." (Mem. Op. at 7, ECF No. 86 (citing *Joseph v. Bureau of Corrs.*, 2011 WL 1304605, at *5 (D.V.I. Mar. 7, 2011).) In its September 11, 2017 Opinion, the Court examined the actual conduct Defendant LESU took on Plaintiff's behalf related to his disciplinary and grievance processes and found that there was no genuine dispute of material fact, and based on the undisputed facts, no reasonable jury could find LESU's conduct to be irrational giving rise to a breach of this duty. (*Id.* at 8.) Contrary to

4

Plaintiff's argument that this conclusion lacks factual foundation, there is ample evidence that
LESU exercised discretion. (Pl.'s Mot. Recons. at 5).[3] Rather, the Court found:

> The undisputed facts are that LESU, by and through Corneiro, assisted Plaintiff in
> his submission of a plea for the charge hearing, represented Plaintiff at the hearing
> itself, and assisted Plaintiff in submitting his letter of objection to Querrard.
> (LSMOF ¶¶ 5–7.) It is also undisputed that LESU, through Hector, filed a Level
> III grievance on Plaintiff's behalf. (*Id.* ¶ 20.) (*Id.*)

As LESU observes, these are five specific bases on which the Court found summary judgment in Defendant LESU's favor. (*See* LESU's Opp'n to Pl.'s Mot. Recons. at 1–2, ECF No. 93.)

According to Plaintiff, these are inappropriate factual bases on which to conclude there was no breach. Plaintiff argues that Defendant LESU's conduct on behalf of Plaintiff at the beginning of this process is immaterial to the exercise of discretion. (Pl.'s Reply at 2–3, ECF.) The Court disagrees. These are constructive steps taken to represent Plaintiff and go towards the duty of representation a union owes to its members. Plaintiff also contends that the Court's reliance on the three consistent orders by Querrard and Hannah is in error because failing at the lower stages of the grievance process is a procedural and logical prerequisite to reach arbitration. (Pl.'s Mot. Recons. at 7–8.) The Court again disagrees. The consistent trend of prior orders signals the merits, or lack thereof, of Plaintiff's underlying claim related to the disciplinary action. Thus, the orders signal the likelihood of success at arbitration. (*See* Mem. Op. at 8

---

[3] In his reply, Plaintiff also attempts to argue that under Rule 56(c)(4), Defendant LESU improperly relies on Hector's affidavit for support of the exercise of discretion. (Pl.'s Reply at 3–4, ECF No. 94.) This affidavit was presented at the summary judgment stage as an exhibit to Defendant LESU's statement of material facts. (*See* Hector Aff., Ex. N, ECF No. 75-14.) Just as Plaintiff cannot advance new arguments on reconsideration, he cannot advance new arguments at this stage of briefing. *Stern v. Halligan*, 158 F.3d 729, 731 n.3 (3d Cir. 1998) ("A party cannot raise issues for the first time in a reply brief.") (internal citations omitted). While arguably responsive to Defendant LESU's opposition, this is also a basis on which Plaintiff urges the Court to reconsider. The Court will not delve into this argument, but regardless, finds that there is adequate factual basis for its holding, without reliance on Hector's explanation of the discretion and rationale exercised by LESU. (*See* Def. LESU's Opp'n at 2; Pl.'s Reply at 3.)

5

(citing *Vaca v. Sipes*, 386 U.S. 171, 191 (1967)) (noting that union members "do not have an absolute right to compel arbitration regardless of the merits of a member's claim").) On balance, the actions Defendant LESU took on Plaintiff's behalf are undisputed material facts that directly support judgment in Defendant LESU's favor on Count I. (*Id.* at 9.)

Next, Plaintiff argues that the Court overlooked facts related to Defendant LESU's alleged personal animus. Neither Plaintiff's opposition to Defendant LESU's motion to dismiss, the operative motions for the Court's last opinion, nor his complaint directly pled facts related to personal animus—such as the "kiss my ass comment"—in support of his breach of fair representation claim. (*See* Pl.'s Opp'n to LESU's Mot. Dismiss at 10–13, ECF No. 35; *Compare* Compl. ¶¶ 46–47, ECF No. 1 (facts pled in support of Count I, breach of the duty of fair representation), *with id.* ¶ 68 (fact of text message pled in support of Count V, intentional infliction of emotional distress).) Plaintiff has therefore raised a new argument and basis for his breach of fair representation claim on this motion for reconsideration—an argument the Court cannot consider at this stage because it could have been raised at an earlier time. *See Cabrita Point Dev., Inc.*, 2009 WL 3245202, at *2. Nonetheless, broadly interpreting the facts underlying Plaintiff's claim of personal animus and construing them in his favor—as the Court did at summary judgment—and accepting Plaintiff's counterstatement of facts as undisputed (Pl.'s Mot. Recons. at 7 (citing L. Civ. R. 56.1 and Fed. R. Civ. P. 56(c))), [4] this argument lacks merit and these facts are not dispositive.

---

[4] Despite Plaintiff's assertions, the Court is not bound to accept his counterstatement as undisputed facts in this case because Defendant LESU failed to file a responsive statement. The Local Rules take a permissive, not mandatory, approach with respect to the effect of a party's failure to respond. *See* L. Civ. R. 56.1(d) ("Failure to respond to a movant's statement of material facts, or a respondent's statement of additional facts, as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment."); *see also* Fed. R. Civ. P. 56(e) (noting that where a party fails to address another party's asserted fact, the court *may* consider the fact undisputed).

In support of this contention, Plaintiff cites a sequence of paragraphs from his counterstatement that accurately reflect the series of events leading up to litigation in this matter. (Pl.'s Mot. Recons. at 6 (citing Counterstatement to LESU ¶¶ 27–39).) These, however, do not illustrate arbitrary or discriminatory conduct by Defendant LESU against Plaintiff that could suggest improper treatment on a personal basis, in breach of the union's duty. This argument amounts to Plaintiff's personal assertion and belief. (Pl.'s Mot. Recons. at 2.) There is insufficient factual basis on which the Court can infer that animus motivated Defendant LESU's refusal to arbitrate, and thus insufficient factual basis to raise a genuine dispute of material fact.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. An appropriate order will follow.

Date: Dec 20, 2017

ANNE E. THOMPSON, U.S.D.J.